Filed 11/10/14  P. v. Aguilar CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>SAMUEL AGUILAR et al.,<br><br>　　　　Defendant and Appellant. | H040627<br>(Santa Clara County<br>Super. Ct. No. C1245527) |

In a joint trial, a jury found Samuel Aguilar (Aguilar) and Malia Mulgrew (Mulgrew) guilty of grand theft.  (Pen. Code, §§ 484, 487, subd. (a).)

Subsequently, on January 24, 2014, the court suspended imposition of sentence, placed Aguilar on probation for three years with various terms and conditions, and ordered him to serve 180 days in county jail.[1]  The court imposed various fines and fees.  Similarly, as to Mulgrew, the court suspended imposition of sentence, placed her on probation for three years on various terms and conditions, and sentenced her to 180 days in county jail.  Again, the court imposed various fines and fees.

Both Aguilar and Mulgrew filed timely notices of appeal.

Aguilar's appointed counsel and Mulgrew's appointed counsel have both filed opening briefs in which no issues are raised; both ask this court to conduct an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Aguilar's counsel has declared that she notified Aguilar that no issues were

---

[1]　The court denied Aguilar's request pursuant to Penal Code section 17, subdivision (b)(3) to reduce the offense to a misdemeanor.

being raised by counsel on appeal, that an independent review under *Wende* was being requested, and that she notified Aguilar that he could file a supplemental brief with this court. Similarly, Mulgrew's counsel has declared that she notified Mulgrew that no issues were being raised by counsel on appeal, that an independent review under *Wende* was being requested, and that she notified Mulgrew that she could file a supplemental brief with this court.

On June, 27, 2014, by letter, we notified Mulgrew of her right to submit written argument on her own behalf within 30 days. That time has passed and we have not received a response from Mulgrew. On July 15, 2014, we notified Aguilar of his right to submit written argument on his own behalf within 30 days. Again, that time has passed and we have not received a response from Aguilar.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there are no arguable issues on appeal. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we provide a brief description of the facts and procedural history of the case, the crimes of which the defendants were convicted, and the punishment imposed. (*Id.* at p. 110.)

*Facts and Proceedings Below*

Abdul Porter, a loss prevention officer at Home Depot, noticed Aguilar and Mulgrew when they walked quickly to the middle of the Milpitas Home Depot store; Aguilar grabbed a cart that was loaded with merchandise waiting to be re-shelved. Porter watched as Aguilar and Mulgrew went to different departments and then abandoned the cart. When they began pushing a flatbed cart that was loaded with a bathroom vanity, Porter called an associate, Theautry Snyder, to assist him.

Porter positioned himself inside shelving and watched as Aguilar repositioned the vanity on the cart. When Aguilar walked away, Porter told Snyder to watch him. When Mulgrew left the cart, Porter walked over to it and pried open the vanity; he saw two Dyson vacuum cleaners inside. Aguilar and Mulgrew returned and pushed the cart to

2

another aisle; when Porter moved to observe what was happening he saw Aguilar place two faucets inside the vanity. Porter watched Mulgrew load a shelf and place it on top of the vanity. Later she removed a box of grout from a shelf and placed it on top of the vanity.

Mulgrew pushed the cart to a register at the front of the store. She paid $260 for items on the cart. Aguilar was not present at the time, but then he reentered the store and pushed the cart out the door. Snyder detained Aguilar and Mulgrew outside the store. Located inside the vanity were two Dyson vacuum cleaners and two faucets valued at $1,200.

Mulgrew denied having anything to do with the merchandise inside the vanity. She told Snyder that she had "messed up" and that she could not go to jail. Police Officer Eric Emmanuele responded to Porter's call to transport Aguilar and Mulgrew to jail. Mulgrew told him that Aguilar was responsible for picking up his 12-year-old brother from a nearby movie theater. Mulgrew asked Officer Emmanuele if she took responsibility for stealing the items, would Aguilar be released so he could pick up his brother; the officer explained that that was not an option.

The defense called Jordan Kahler, who had been an intern at the Santa Clara County District Attorney's Office and had sat in on interviews conducted by the prosecutor with Porter and Snyder. In referring to his notes from the interviews he recalled Snyder as describing the vanity as "prestaged"; in other words, it was loaded with merchandise before Aguilar and Mulgrew got to the store. Kahler remembered that Porter did not describe seeing Aguilar or Mulgrew place any items inside the vanity.

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. The record discloses substantial evidence to support the convictions. (*People v. Halvorsen* (2007) 42 Cal.4th 379, 419; *People v. Hillhouse* (2002) 27 Cal.4th 469, 496; *People v. Combs* (2004) 34

Cal.4th 821, 849.)  The sentence imposed and the fines and fees imposed are supported by the law and the facts.

*Disposition*

The judgments are affirmed.

_____

ELIA, Acting P. J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

MIHARA, J.

5